# Order

Michigan Supreme Court
Lansing, Michigan

December 2, 2005

126477

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ANTHONY WESTCARR,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126477
COA: 243042
Wayne CC: 01-010393

_____/

On November 9, 2005, the Court heard oral argument on the application for leave to appeal the May 20, 2004 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., dissents and states as follows:

Because defendant was denied a possible defense and was, thus, prejudiced by the trial court's denial of his motion for a continuance, I would reverse the decision of the Court of Appeals and remand this case to the trial court for a new trial.

KELLY, J., dissents and states as follows:

I would reverse and remand for a new trial. The trial judge abused his discretion when he denied defendant's request for a continuance in order to retain a medical expert.

Defendant was charged with three counts of first-degree criminal sexual conduct for engaging in sexual penetration of his six-year-old stepdaughter. Midway through jury selection, the prosecutor moved to endorse a second physician as a medical expert. The prosecutor announced that the complainant's mother had just produced a medical report that neither he nor defense counsel had seen. In it, the doctor found that the complainant's hymen was missing.

Another doctor who had examined the complainant and was an endorsed prosecution witness had noted an intact hymen. His report was inconclusive about whether there had been sexual abuse. Given that evidence, the defense had not planned to call a medical expert.

Defense counsel objected to the late endorsement of the second physician as a prosecution witness. When the judge granted the late endorsement, defense counsel asked for a continuance to retain an independent medical expert to examine the victim and rebut the second doctor's testimony. The judge denied the request, not wanting to discharge the already impaneled jurors. In due course, defendant was convicted on all charges and sentenced to three concurrent terms of 15 to 30 years.

I believe that the trial judge abused his discretion when he denied the defense an opportunity to fully contest the new information and the new witness. The existence of the second doctor's report became known on a Thursday after the lunch break. That allowed defense counsel only one working day and the intervening weekend to locate a medical expert and prepare for cross-examination of the second prosecution expert.

It is questionable whether without a continuance counsel could have found a doctor willing to become involved at the last minute. Moreover, there was insufficient time for any such expert to examine the complainant, report his findings to counsel, and for counsel to prepare his new defense strategy.

The due process clauses of the United States Constitution and the Michigan Constitution protect a defendant against unfair surprise by incriminating evidence. US Const, Am XIV, § 1; Const 1963, art 1, § 17. Even where the prosecutor is not at fault for failing to disclose surprise evidence, the defendant is entitled to a trial continuance if needed to prevent unfair prejudice. *People v Suchy*, 143 Mich App 136 (1985), lv den 424 Mich 855 (1985).

In *Suchy*, four days before trial, the defendant's codefendants pleaded guilty and agreed to testify against her. The judge granted the prosecution's request to endorse the witnesses and denied the defendant's motion for a continuance. The Court of Appeals held that the trial court had abused its discretion by denying the continuance. The rights that the defendant was asserting are constitutional; the request was timely made and not a delaying tactic. The defendant was prejudiced because the endorsement of the prosecution witnesses altered the defense posture, and the defendant had insignificant opportunity to prepare a response.

Here, the defense prepared for trial with the understanding that the prosecution's medical evidence would indicate an intact hymen, implying there had been no penetration, further implying no sexual abuse. The surprise evidence forced a change in

the defense's strategy. Denial of the continuance prevented the preparation of a new strategy. I would reverse the convictions and remand the case for a new trial.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2005

_____
Clerk

p1129